IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00809-BNB

JUSTIN KEITH TUCKER,

 Applicant,

v.

SHERIFF DAVE STONG, and
THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,

 Respondents.

ORDER OF DISMISSAL

  Applicant, Justin Keith Tucker, is a resident of Alamosa, Colorado. He initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 29, 2012. He filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 25, 2012. He has paid the $5.00 filing fee in a habeas corpus action.

  In an order entered on April 27, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents filed a Pre-Answer Response on June 7, 2012, and June 12, 2012. Mr. Tucker has not submitted a Reply.

  The Court must construe the amended habeas corpus application liberally because Mr. Tucker is representing himself. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Tucker v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

I.     **Background and State Court Proceedings**

After a jury trial in Case No. 2004CR276, Mr. Tucker was convicted of attempt to influence a public servant, forgery of a government-issued documents, impersonating a peace officer, criminal impersonation - gain a benefit, and theft.  Amended Application at 2.  These convictions "arose out of an incident that occurred on August 16, 2004, when applicant wrote a letter to his attorney representing him in a Montana criminal case on official letterhead and under the signature of the District Attorney for the 12th Judicial District of Colorado, which threatened a judge presiding over the Montana case."  Answer at 2.  On October 30, 2006, the trial court sentenced Mr. Tucker to four years of probation and six months in jail.  *Id.* at Ex. A, p. 2-5.

Mr. Tucker filed an appeal, and on October 1, 2009, the Colorado Court of Appeals affirmed the judgment of conviction.  *See People v. Tucker*, 232 P.3d 194 (Colo. App. 2009) (Answer at Ex. D).  The Colorado Supreme Court denied certiorari review on June 1, 2010.  Answer at Ex. F.

On August 30, 2010, Mr. Tucker filed a motion for sentence reconsideration, which the trial court denied on September 3, 2010.  Answer at Ex. A, p. 9.  Mr. Tucker did not file an appeal.

On October 19, 2010, the trial court issued an order terminating Mr. Tucker's probation.  *Id.* at 8-9.

On August 2, 2011, Mr. Tucker filed a motion for post-conviction relief, which the

trial court denied on January 12, 2012. *Id.* at 7. Mr. Tucker did not file an appeal.

Mr. Tucker initiated the instant action on March 29, 2012. In the amended application, he asserts four claims: (1) his Fourth Amendment protection against unreasonable search and seizure was violated when his attorney disclosed a privileged communication to the prosecution; (2) his Fifth Amendment protection against self-incrimination was violated when his attorney disclosed a privileged communication to the prosecution; (3) his right to due process was violated when the trial court prevented the defense from presenting expert testimony and questioning his attorney about ethics violations; and (4) his right to due process and confrontation were violated when the trial court found insufficient evidence to establish that his attorney violated an ethical rule.

**II.      Analysis**

As a preliminary matter, Respondents argue that Mr. Tucker may not challenge his expired 2006 convictions and sentence because he is no longer "in custody" for the convictions. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Consequently, a state prisoner cannot challenge the constitutionality of his conviction if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. §

2254(a) and *Maleng*).

The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See, e.g., Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was "in custody" under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence, and job, and refraining from certain activities); *Olson v. Hart*, 955 F.2d 940, 942-43 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief.") *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("It is equally clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute.").

However, once the sentence imposed for a conviction has expired, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensely*, 411 U.S. at 351. As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

In this case, it is undisputed that Mr. Tucker's sentence expired when the trial

court terminated his probation in October 2010.  Answer at Ex. Ap, p. 8-9.  Mr. Tucker argues that "because of my felony convictions I have to get jobs most high school dropouts get.  I have had so little money that I have not even owned a car since 2003."  Amended Application at 19.  However, the regrettable fact that Mr. Tucker's felony convictions make it more difficult for him to find employment does not constitute being "in custody" such that it can permit federal habeas review of the expired underlying conviction.  *See, e.g., Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (noting that the "in custody" requirement typically requires a significant restraint on the petitioner's physical liberty); *see also Bush v. Goff*, 2008 WL 375089, at *3 (W.D. Wash. Feb. 7, 2008) (unpublished opinion) (rejecting argument that applicant was "in custody" under expired sentence because of difficulty in obtaining employment and housing).  The Court finds that it lacks subject matter jurisdiction over the instant habeas corpus because Mr. Tucker is not "in custody" as required by § 2254.  Therefore, the case will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED at Denver, Colorado, this  5th  day of    July       , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court